**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| CARPEAH RUDOLPH NYENEKOR, SR., | |
| Petitioner, | CIVIL ACTION NO.: 2:17-cv-138 |
| v. | |
| U.S. FEDERAL BUREAU OF PRISONS; and UNITED STATES OF AMERICA, | |
| Respondents. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Carpeah Rudolph Nyenekor, Sr. ("Nyenekor"), an inmate at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) I have conducted a preliminary review of Nyenekor's claims, as required by Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons which follow, the Court **DENIES** Nyemekor's Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) For these same reasons, I **RECOMMEND** that the Court **DISMISS** Nyenekor's Petition and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I also **RECOMMEND** the Court **DENY** Nyenekor *in forma pauperis* status on appeal.

## BACKGROUND

In his Petition, Nyenekor states that he is currently detained at FCI Jesup as a result of his convictions obtained in the United States District Court for the Southern District of New York.

---

[1] Though this is a Section 2241 action, Rule 1(b) of the Rules governing petitions brought under 28 U.S.C. § 2254 provides that the Court "may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

(Doc. 1, p. 1.)  He states that he was sentenced in that court in December 2015.  (Id.) Nyenekor's Petition is far from clear.  Though he contends that he is not challenging his conviction and sentence, (doc. 1, p. 4), he also contends that he is being "illegally held" and that he is "[i]nnocent but [f]ound [g]uilty based on [j]udicial [f]raud and [e]thnicity."  (Id. at p. 7.) He also contends that he did not commit a crime and that he was charged with possession of cocaine "which I have nothing to do with."  (Id.)  Nyenekor also alleges he was "wrongly convicted after been [sic] denied the [r]ight to [e]ffective [r]epresentation, and to [p]roduce [e]vidents [sic] in my defense, and the [j]udge set up a [r]acial [p]rosecution [t]eam to convict me base on [e]thnicity[.]"  (Id. at p. 8.)  As relief, he requests that he be released because he is "illegally incarcerated."  (Id.)

In other portions in his Petition, Nyenekor takes issue with certain conditions of his current confinement.  He contends that he has been denied access to the courts because he has been unable to file an appeal.  (Id. at p. 2.)  He also alleges that he has been denied his right to legal mail, stamps, and photocopies, and that he has not been able to avail himself of the prison's grievance process.  (Id. at pp. 2–3, 5, 7).

## DISCUSSION

### I. Standard of Review

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition].  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Under Rule 2(c), "[h]abeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)).  While pursuant to Federal Rule of Civil Procedure 8(a), complaints in a civil case must contain only "a

short and plain statement of the claim showing that the pleader is entitled to relief," petitions for habeas corpus must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2 of Rules Governing Section 2254 Cases. In other words, habeas petitions must contain "'fact pleading' as opposed to 'notice pleading.'" Hittson v. GDCP Warden, 759 F.3d 1210, 1265 (11th Cir. 2014) (internal quotations and citations omitted). "To properly fact plead, 'a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.'" Arrington v. Warden, GDCP, No. CV 117-022, 2017 WL 4079405, at *2 (S.D. Ga. Sept. 14, 2017) (quoting Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990)). Therefore, a habeas petitioner cannot merely levy conclusory allegations but must support his claims with specific factual detail. Id. (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

**II.     Whether it Plainly Appears that Nyenekor is not Entitled to Relief**

Though Nyenekor's Petition is not a picture of clarity, he in essence asks this Court to set aside his convictions obtained in the Southern District of New York. He is currently incarcerated as a result of that judgment, and he is asking this Court to release him from that custody. (Doc. 1, p. 9.) As an initial matter, he fails to provide "sufficient detail to enable the court to determine, from the face of the petition alone" that he is entitled to relief from these conditions. Arrington, 2017 WL 4079405, at *2. He merely offers conclusory allegations with no factual support.

Moreover, Nyenekor cannot obtain the relief he seeks in this Court through a Section 2241 petition. Habeas corpus petitions "are generally reserved for challenges to the execution of

3

a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013) (citation omitted). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective." Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under Section 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper. . . . A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

Section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

4

28 U.S.C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

After McCarthan, to determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a Section 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under Section 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under Section 2241. To be sure, "[t]he remedy [afforded] by [a Section 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner could obtain relief under Section 2255 is not relevant to the McCarthan test. Thus, the "remedy" that must be "inadequate or ineffective" to trigger the saving clause is "the available process—not substantive relief." Id. at 1086.

"Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause nullifies the procedural hurdles of section 2255[.]" Id. at 1090. For example, "[t]he mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Id. at 1091 ("A federal prisoner has one year to move to vacate his sentence under

5

section 2255. But when a prisoner uses the saving clause to bring a claim that is cognizable in a motion to vacate, he bypasses his statute of limitations and gains limitless time to press claims that prisoners who meet the requirements of section 2255 do not receive."); Body v. Taylor, No. 1:15-CV-00311-AKK, 2015 WL 1910328, at *6 (N.D. Ala. Apr. 27, 2015), *appeal dismissed*, (Oct. 28, 2015) (quoting Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999) (Cox, J., concurring specially) ("I also agree that the remedy by motion under § 2255 is not rendered 'inadequate or ineffective' because an individual is procedurally barred from filing a second or successive § 2255 motion.")); see also United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (bars on successive motions and statute of limitations do not render § 2255 motion inadequate or ineffective); Charles v. Chandler, 180 F.3d 753, 756–58 (6th Cir. 1999) (statute of limitations bar does not make Section 2255 inadequate or ineffective).

The Eleventh Circuit Court of Appeals emphasized that the saving clause has meaning because not all claims can be remedied by Section 2255. "A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." McCarthan, 851 F.3d at 1092–93 (citing Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985)). "The saving clause also allows a prisoner to bring a petition for a writ of habeas corpus when the sentencing court is unavailable. Other circuits have held that a prisoner may file a petition for a writ of habeas corpus if his sentencing court has been dissolved." Id. at 1093 (quoting Prost v. Anderson, 636 F.3d578, 588 (10th Cir. 2011) (explaining that, for military prisoners, "the resort to § 2241 is the norm rather than the exception . . . due to the evanescent nature of court martial proceedings: the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral attack")). Additionally, "perhaps practical considerations (such as

multiple sentencing courts) might prevent a petitioner from filing a motion to vacate." Id. (citing Cohen v. United States, 593 F.2d 766, 771 & n.12 (6th Cir. 1979)). However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the Section 2255 court got it wrong. Id. at 1086, 1090. "If the saving clause guaranteed multiple opportunities to test a conviction or sentence, then the bar against second and successive motions under section 2255(h) would become a nullity." Id. at 1090.

This case does not present the "limited circumstances" warranting application of the saving clause. While Nyenekor states he is not challenging his conviction or sentence, his claims indicate otherwise. He claims his conviction is "illegal" and that he did not violate the laws of the United States. He also argues he did not have effective representation, that he was convicted due to his race and nationality, and that the Judge "set up a [r]acial [p]rosecution team." (Doc. 1, p. 8.) These are the types of claims and requested relief that Section 2255 encompasses. Though his Petition is not entirely coherent, it is clear that Nyenekor is not attacking the manner in which his sentence is being executed but the conviction and resulting detention itself. He would have been permitted to bring these types of claims in a motion to vacate, and Section 2255 provides Nyenekor with an adequate procedure to test his claim.

Further, Nyenekor's Section 2255 remedy is not nullified if he cannot overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact that Nyenekor may face a statute of limitations bar to bringing a Section 2255 Motion does not itself render a Section 2255 motion inadequate or ineffective. Id.;

Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011)). Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provides Nyenekor an "adequate procedure" to test his conviction and sentence before the District of New Mexico. Consequently, Nyenekor cannot show that Section 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim[s] in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Nyenekor cannot satisfy the saving clause, his claims are procedurally barred, and the Court cannot reach the merits of his arguments. His effort to be released from his incarceration due to his conviction in the Southern District of New York must be mounted in that Court through Section 2255.

To the extent that Nyenekor challenges not his prior conviction and the execution of his sentence but instead the conditions of confinement, that effort is also unavailing for numerous reasons. As an initial matter, he fails to provide "sufficient detail to enable the court to determine, from the face of the petition alone" that he is entitled to relief from these conditions. Arrington, 2017 WL 4079405, at *2. Rather, he just makes conclusory allegations that he has been denied access to the courts, denied his right to legal mail, and prevented from accessing the grievance process. He offers no facts in support of those claims.

Moreover, Section 2241 is not the proper vehicle through which to assert claims which challenge the conditions of his confinement. Rather, ordinarily, those claims must be pursued as civil rights action. The distinction between claims which may be brought as civil rights actions and those which must be brought as habeas petitions is reasonably well-settled. Claims in which

prisoners challenge the circumstances and conditions of their confinement are civil rights actions, not habeas actions. See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006). Habeas actions, in contrast, explicitly or by necessary implication, challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the judgment). Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Thus, for example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).[2] Even if Nyenekor successfully proved that officials at FCI Jesup denied him access to the courts, the mail, and the grievance process, the relief on such claims would not be to invalidate his conviction or shorten his term of imprisonment. Thus, he cannot assert those claims via a habeas petition. These claims contest the conditions of his confinement and are not cognizable pursuant to 28 U.S.C. § 2241.

For all of these reasons, it plainly appears that Nyenekor is not entitled to relief. Thus, the Court **DENIES** his Motion to Proceed *in Forma Pauperis*. I **RECOMMEND** that the Court **DISMISS** Nyenekor's Section 2241 Petition.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Nyenekor leave to appeal *in forma pauperis*. Though Nyenekor has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that

---

[2] As explained above, ordinarily, federal prisoners must bring such claims under Section 2255. However, federal prisoners may use Section 2241 to assert claims that challenge the execution of a sentence by the administrative system implementing the judgment. For example, where a federal prisoner challenges the Bureau of Prisons' calculation of the term of imprisonment or the loss of good conduct time, those claims go to the length of the imprisonment and may be brought under Section 2241.

the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Nyenekor's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Nyenekor *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Nyenedor's Motion to Proceed *in Forma Pauperis*. For these same reasons, I **RECOMMEND** that the Court **DISMISS** Nyenekor's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I also **RECOMMEND** the Court **DENY** Nyenekor *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve Nyenekor with a copy of this Report and Recommendation.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of January, 2018.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA